IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED
APR 14 2022

Temiika D. Gipson
CIRCUIT COURT CLERK
BY_____ D.C.

JOLETTA L. JACKSON,

    Plaintiff,

vs.

TRACY M. KEY and
LANDSTAR RANGER, INC.,

    Defendants.

No.  CT-_1441_-22
Division _I_

## COMPLAINT

COMES NOW the Plaintiff, Joletta L. Jackson, and for her Complaint against the Defendants, Tracy M. Key and Landstar Ranger, Inc., states as follows:

### JURISDICTION AND VENUE

1.    The Plaintiff, Joletta L. Jackson, is an adult citizen and resident of Memphis, Shelby County, Tennessee.

2.    Upon information and belief, the Defendant Tracy M. Key is an adult citizen and resident of Olive Branch, DeSoto County, Mississippi, and was the driver of the tractor-trailer responsible for the injuries and damages described herein.

3.    Upon information and belief, the Defendant Landstar Ranger, Inc. is a Delaware corporation authorized to do business in the State of Tennessee, with its principal office at 13410 Sutton Park Drive South, Jacksonville, FL 32224, and at all pertinent times was the owner of the tractor-trailer responsible for the injuries and damages described herein.

4.    Upon information and belief, at all pertinent times the Defendant Tracy M. Key

was operating the subject tractor-trailer as a "Business Capacity Owner" as so termed by the Defendant Landstar Ranger, Inc.

5.      At all relevant times, the Defendant Landstar Ranger, Inc. acted by and through its agents, servants, and employees who acted within the course and scope of their agency and employment. All knowledge, actions, omissions, and negligence of the Defendant Tracy M. Key are imputed to the Defendant Landstar Ranger, Inc. on the basis of *respondeat superior*.

6.      The facts and circumstances from which this cause of action arises occurred in Memphis, Shelby County, Tennessee.

7.      This is a Complaint for personal injuries and damages over which this Court has original jurisdiction pursuant to Tenn. Code Ann. § 16-10-101.

8.      Venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101 in that the events giving rise to the cause of action occurred in Shelby County, Tennessee.

<u>**FACTS**</u>

9.      On or about July 15, 2021, the Plaintiff Joletta L. Jackson ("Ms. Jackson") was operating her vehicle northbound on I-240 North near the Lamar Avenue exit.

10.     At or about the same time and place, the Defendant Tracy M. Key was driving a tractor-trailer (hereinafter referred to as "the Tractor-Trailer") northbound on I-240 North near the Lamar Avenue exit, when he swerved in and out of the left lane and then stuck Ms. Jackson's vehicle, which was occupying the middle lane. Ms. Jackson's vehicle was then dragged by the Tractor-Trailer until it collided with the cement barrier in the median of the interstate.

11.     The Tractor-Trailer was a commercial motor vehicle owned and maintained by the Defendant Landstar Ranger, Inc.

12.     The Defendant Tracy M. Key was agent, servant, and/or employee of the

- 2 -

Defendant Landstar Ranger, Inc. and was working within the course and scope of that agency/employment. All allegations of negligence of the Defendant Tracy M. Key are, therefore, made against the Defendant Landstar Ranger, Inc. on the basis of *respondeat superior* as it is liable for the negligence of its agents, servants, and employees in the scope of their agency/employment.

13. The Plaintiff suffered injuries and damages as a result of this incident and the negligence for which the Defendants are responsible, as will be fully laid out herein.

## CAUSES OF ACTION

## COUNT NO. 1 – LIABILITY OF THE DEFENDANT TRACY M. KEY – NEGLIGENCE

14. The Plaintiff refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-13 of this Complaint.

15. As a professional tractor-trailer driver, the Defendant Tracy M. Key owed a duty to the Plaintiff and other drivers to exercise reasonable care commensurate with other professional tractor-trailer drivers under the same circumstances.

16. The conduct of the Defendant Tracy M. Key, as an employee, agent, or servant of the Defendant Landstar Ranger, Inc., fell below the applicable standard of care, and the Defendant Tracy M. Key, as an employee, agent, or servant of the Defendant Landstar Ranger, Inc., was guilty of one, some, or all of the following acts or omissions constituting negligence and breach of his professional duties including but not limited to the following:

    a) By failing to maintain a safe lookout.

    b) By failing to exercise reasonable and ordinary care under the circumstances.

    c) By failing to devote full time and attention to the operation of the Tractor-Trailer.

    d)  By swerving out of his lane and striking the Plaintiff's vehicle.

    e)  By driving too fast under the circumstances.

    f)  By operating the Tractor-Trailer while his ability or alertness was so impaired as to make it unsafe for him to do so.

    g)  In other respects which are not now known but will be discovered during this litigation.

17.    The Defendant Tracy M. Key's negligent acts and/or omissions set forth above, for which the Defendant Landstar Ranger, Inc. is liable, were a direct and proximate cause of the incident that is the basis of this lawsuit and the Plaintiff's resulting injuries and damages.

## COUNT NO. 2 – LIABILITY OF THE DEFENDANT TRACY M. KEY – NEGLIGENCE PER SE

18.    The Plaintiff refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-17 of this Complaint.

19.    The incident that is the basis of this lawsuit and the Plaintiff's injuries and damages described herein are the direct and proximate result of the Defendant Tracy M. Key's violations of statutory and regulatory authority in at least the following respects:

    a)  By failing to exercise due care in his operation of the Tractor-Trailer, in violation of Tenn. Code Ann. § 55-8-136.

    b)  By swerving out of his lane and striking the Plaintiff's vehicle, in violation of Tenn. Code Ann. § 55-8-123 and City of Memphis Ordinance Section 11-16-14.

    c)  By failing to devote full time and attention to the operation of the Tractor-Trailer, in violation of City of Memphis Ordinance Section 11-16-2.

    d)  By failing to maintain a safe lookout, in violation of City of Memphis

Ordinance Section 11-16-3.

e) By failing to operate the Tractor-Trailer in accordance with the laws, ordinances, and regulations of the jurisdiction in which it was being operated, in violation of 49 C.F.R. § 392.2.

f) By operating the Tractor-Trailer while his ability or alertness was so impaired as to make it unsafe for him to do so, in violation of 49 C.F.R. § 392.3.

g) In other respects which are not now known but will be discovered during this litigation.

20.     The above-referenced Tennessee statutes, City of Memphis ordinances, and the Federal Motor Carrier Safety Regulations were enacted and intended to protect Tennessee motorists, passengers, and pedestrians from the dangerous operation of vehicles.

21.     At the time of the violations alleged above, the Plaintiff was the operator of a motor vehicle on a Tennessee roadway and, thus, belonged to the class of persons that these Tennessee statutes, City of Memphis ordinances, and the Federal Motor Carrier Safety Regulations were enacted and intended to protect.

22.     As a direct and proximate result of the Defendant Tracy M. Key's violations of these Tennessee statutes, City of Memphis ordinances, and the Federal Motor Carrier Safety Regulations, which constitute negligence per se, the Plaintiff was caused to suffer injuries and damages as more fully set out below.

## COUNT 3 – LIABILITY OF THE DEFENDANT LANDSTAR RANGER, INC. – NEGLIGENCE

23.     The Plaintiff refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-22 of this Complaint.

24.     The Defendant Landstar Ranger, Inc. owed a duty of care to the general public,

including the Plaintiff, commensurate with other tractor-trailer owners and other employers of tractor-trailer drivers.

25.     The Defendant Landstar Ranger, Inc. owed the general public, including the Plaintiff, a duty to exercise reasonable care in its operations as a motor carrier.

26.     The Defendant Landstar Ranger, Inc. owed a duty to protect the general motoring public, including the Plaintiff, from injury.

27.     The Defendant Tracy M. Key was on or about the business of the Defendant Landstar Ranger, Inc. at the time of the collision. Therefore, all allegations of negligence of the Defendant Tracy M. Key are imputed to the Defendant Landstar Ranger, Inc. on the basis of *respondeat superior* as it is liable for the negligence of its agents, servants, and employees in the scope of their agency/employment.

28.     In particular, the conduct, negligence, acts, and/or omissions of the Defendant Tracy M. Key for which the Defendant Landstar Ranger, Inc. is liable include but are not limited to, the following:

a)  By failing to maintain a safe lookout.

b)  By failing to exercise reasonable and ordinary care under the circumstances.

c)  By failing to devote full time and attention to the operation of the Tractor-Trailer.

d)  By swerving out of his lane and striking the Plaintiff's vehicle.

e)  By driving too fast under the circumstances.

f)  By operating the Tractor-Trailer while his ability or alertness was so impaired as to make it unsafe for him to do so.

g)  In other respects which are not now known but will be discovered during this

litigation.

29.     Pursuant to Part 390 *et seq.* of the Federal Motor Carriers Safety Regulations, the Landstar Ranger, Inc. owed the general public, including the Plaintiff, a continuing duty to supervise the Defendant Tracy M. Key and investigate and monitor the Defendant Tracy M. Key's ability, fitness, and qualifications to operate a commercial motor vehicle in interstate commerce.

30.     The Defendant Landstar Ranger, Inc. permitted the Defendant Tracy M. Key to operate the Tractor-Trailer.

31.     The conduct of the Defendant Landstar Ranger, Inc. fell below the applicable standard of care, and the Defendant Landstar Ranger, Inc. was guilty of one, some, or all of the following acts or omissions constituting negligence and breach of its duty including but not limited to, the following:

    a) By failing to train the Defendant Tracy M. Key in the proper method of operating the Tractor-Trailer.

    b) By failing to train the Defendant Tracy M. Key on the laws, ordinances, and regulations for the jurisdictions in which he would be traveling.

    c) By failing to train the Defendant Tracy M. Key to stay in his lane.

    d) By failing to have adequate policies and procedures in place to ensure that its drivers did not swerve out of their lanes and strike other vehicles.

    e) By failing to have adequate policies and procedures in place to ensure that its drivers were able, fit, and qualified to safely drive its tractor-trailers.

    f) By failing to determine that the Defendant Tracy M. Key lacked the requisite ability, fitness, and qualifications to operate a commercial vehicle at the time

of his first employment or contracting with the Defendant Landstar Ranger, Inc.

g) By failing to determine that the Defendant Tracy M. Key lacked the requisite ability, fitness, and qualifications to operate a commercial vehicle at the time of the incident that is the basis of this lawsuit.

h) By failing to provide adequate and sufficient training to the Defendant Tracy M. Key such that he could obtain the requisite ability, fitness, and qualifications to operate the Tractor-Trailer.

i) By failing to ensure that the Defendant Tracy M. Key possessed sufficient knowledge of the Federal Motor Carrier Safety Regulations so as to be in a position to comply with said regulatory scheme and safely operate the Tractor-Trailer.

j) By failing to monitor the activities of the Defendant Tracy M. Key so as to become aware of his failure to comply with one or more of the Federal Motor Carrier Safety Regulations.

k) By entrusting and allowing the Defendant Tracy M. Key to drive the Tractor-Trailer at a time when it knew or should have known that he lacked the requisite ability, fitness, and qualifications to safely drive the Tractor-Trailer at the time of the incident that is the basis of this lawsuit.

l) By entrusting and allowing the Defendant Tracy M. Key to drive the Tractor-Trailer at a time when it knew or should have known that his ability or alertness was so impaired as to make it unsafe for him to drive the Tractor-Trailer at the time of the incident that is the basis of this lawsuit.

m) By entrusting and allowing the Defendant Tracy M. Key to drive the Tractor-Trailer at a time when it knew or should have known that he was not in compliance with one or more of the Federal Motor Carrier Safety Regulations.

n) In other respects which are not now known but will be discovered during this litigation.

32.    The negligent acts and/or omissions set forth above, for which the Defendant Landstar Ranger, Inc. is either directly or indirectly liable, were a direct and proximate cause of the incident that is the basis of this lawsuit and the Plaintiff's resulting injuries and damages.

## COUNT 4 – LIABILITY OF THE DEFENDANT LANDSTAR RANGER, INC. – NEGLIGENCE PER SE

33.    The Plaintiff refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-32 of this Complaint.

34.    The incident that is the basis of this lawsuit and the Plaintiff's injuries and damages described herein are the direct and proximate result of the Defendant Landstar Ranger, Inc.'s violations of Part 390 *et seq.* of the Federal Motor Carriers Safety Regulations, in at least the following respects:

a) By failing to train the Defendant Tracy M. Key in the proper method of operating the Tractor-Trailer.

b) By failing to train the Defendant Tracy M. Key on the laws, ordinances, and regulations for the jurisdictions in which he would be traveling.

c) By failing to train the Defendant Tracy M. Key to stay in his lane.

d) By failing to have adequate policies and procedures in place to ensure that its drivers did not swerve out of their lanes and strike other vehicles.

e) By failing to have adequate policies and procedures in place to ensure that its

drivers were able, fit, and qualified to safely drive its tractor-trailers.

f)  By failing to determine that the Defendant Tracy M. Key lacked the requisite ability, fitness, and qualifications to operate a commercial vehicle at the time of his first employment or contracting with the Defendant Landstar Ranger, Inc.

g)  By failing to determine that the Defendant Tracy M. Key lacked the requisite ability, fitness, and qualifications to operate a commercial vehicle at the time of the incident that is the basis of this lawsuit.

h)  By failing to provide adequate and sufficient training to the Defendant Tracy M. Key such that he could obtain the requisite ability, fitness, and qualifications to operate the Tractor-Trailer.

i)  By failing to ensure that the Defendant Tracy M. Key possessed sufficient knowledge of the Federal Motor Carrier Safety Regulations so as to be in a position to comply with said regulatory scheme and safely operate the Tractor-Trailer.

j)  By failing to monitor the activities of the Defendant Tracy M. Key so as to become aware of his failure to comply with one or more of the Federal Motor Carrier Safety Regulations.

k)  By entrusting and allowing the Defendant Tracy M. Key to drive the Tractor-Trailer at a time when it knew or should have known that he lacked the requisite ability, fitness, and qualifications to safely drive the Tractor-Trailer at the time of the incident that is the basis of this lawsuit.

l)  By entrusting and allowing the Defendant Tracy M. Key to drive the Tractor-

- 10 -

Trailer at a time when it knew or should have known that his ability or alertness was so impaired as to make it unsafe for him to drive the Tractor-Trailer at the time of the incident that is the basis of this lawsuit.

m) By entrusting and allowing the Defendant Tracy M. Key to drive the Tractor-Trailer at a time when it knew or should have known that he was not in compliance with one or more of the Federal Motor Carrier Safety Regulations.

n) In other respects which are not now known but will be discovered during this litigation.

35.    The above-referenced Federal Motor Carrier Safety Regulations were enacted and intended to protect motorists, passengers, and pedestrians from the dangerous operation of vehicles.

36.    At the time of the violations alleged above, the Plaintiff was the operator of a motor vehicle on a roadway and, thus, belonged to the class of persons that these Federal Motor Carrier Safety Regulations were enacted and intended to protect.

37.    The above-referenced violations of the Federal Motor Carrier Safety Regulations, which constitute negligence per se, were the direct and proximate cause of the incident that is the basis of this lawsuit and the Plaintiff's resulting injuries and damages.

38.    The Defendant Landstar Ranger, Inc. is liable for the violations listed above pursuant to Part 390 *et seq.* of the Federal Motor Carrier Safety Regulations.

39.    Additionally, the Defendant Tracy M. Key was on or about the business of the Defendant Landstar Ranger, Inc. at the time of the collision.  Therefore, all of the allegations of negligence of the Defendant Tracy M. Key, including the allegations of negligence per se, are imputed to the Defendant Landstar Ranger, Inc. on the basis of *respondeat superior* as it is liable

for the negligence of its agents, servants, and employees in the scope of their employment.

      40.    Therefore, the Defendant Landstar Ranger, Inc. is also liable for the Defendant Tracy M. Key's violation of the following statutory and regulatory authority, which was in full force and effect at the time of the accident:

a) By failing to exercise due care in his operation of the Tractor-Trailer, in violation of Tenn. Code Ann. § 55-8-136.

b) By swerving out of his lane and striking the Plaintiff's vehicle, in violation of Tenn. Code Ann. § 55-8-123 and City of Memphis Ordinance Section 11-16-14.

c) By failing to devote full time and attention to the operation of the Tractor-Trailer, in violation of City of Memphis Ordinance Section 11-16-2.

d) By failing to maintain a safe lookout, in violation of City of Memphis Ordinance Section 11-16-3.

e) By failing to operate the Tractor-Trailer in accordance with the laws, ordinances, and regulations of the jurisdiction in which it was being operated, in violation of 49 C.F.R. § 392.2.

f) By operating the Tractor-Trailer while his ability or alertness was so impaired as to make it unsafe for him to do so, in violation of 49 C.F.R. § 392.3.

g) In other respects which are not now known but will be discovered during this litigation.

      41.    As a direct and proximate result of the Defendant Tracy M. Key's violations of these Tennessee statutes, City of Memphis ordinances, and the Federal Motor Carrier Safety Regulations, which constitute negligence per se and for which the Defendant Tracy M. Key and

the Defendant Landstar Ranger, Inc. are liable, the Plaintiff was caused to suffer injuries and damages as more fully set out below.

## DAMAGES

42.     As a result of negligence for which the Defendants are liable, the Plaintiff was rendered sick, sore, lame, and disabled and suffered the following injuries and damages, both past and future:

(a)     Fright and shock;

(b)     Bodily injury;

(c)     Inability to enjoy the normal pleasures of life;

(d)     Medical expenses; and

(e)     Physical and mental pain and suffering;

(f)     Permanent injury; and

(g)     Lost earnings and loss of earning capacity.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff demands judgment against the Defendants for compensatory damages in the amount of Two Million Dollars ($2,000,000.00).

**FURTHER,** the Plaintiff demands such other relief as may be deemed just and proper.

Respectfully submitted:

_____

Elissa M. Coombs (B.P.R. #22209)
David E. Gordon (B.P.R. #9973)
Attorneys for Plaintiff
1850 Poplar Crest Cove, Suite 200
Memphis, TN  38119
(901) 302-9125 – phone
(901) 432-2292 – fax
emc@davidgordonlaw.com
davidg@davidgordonlaw.com